FILED
United States Court of Appeals
Tenth Circuit

November 27, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

KENNETH DAVID McNELLY,

Petitioner - Appellant,

v.

SAM CLINE,

Respondent - Appellee.

No. 18-3197
(D.C. No. 5:17-CV-03141-SAC)
(D. Kansas)

ORDER DENYING
CERTIFICATE OF APPEALABILITY*

Before **HARTZ**, **McHUGH,** and **CARSON**, Circuit Judges.

Kenneth D. McNelly, proceeding pro se,[1] seeks a certificate of appealability

("COA") to appeal the district court's denial of his Rule 60(b) motion. We deny a COA

and dismiss his appeal.

## I. BACKGROUND

Mr. McNelly was convicted of eight counts of rape, one count of aggravated

criminal sodomy, and one count of aggravated liberties with a child. "After exhausting

---

*This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. McNelly is pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

state remedies, he filed a habeas petition in district court" but conceded that it was untimely. ROA at 80. Nevertheless, Mr. McNelly argued that his petition was not time barred because he was "entitled to equitable tolling" and was actually innocent. *Id.* at 80–81. The district court rejected these arguments and denied Mr. McNelly a COA. Mr. McNelly then appealed, and we likewise denied a COA. *McNelly v. Cline*, 715 F. App'x 858 (10th Cir. 2018) (unpublished).

Mr. McNelly then filed a Rule 60(b) motion "as a result of a mistake made by [the district] court" and because the "circumstances in this case are so unusual yet compelling that extraordinary relief is warranted." ROA at 84–85 (citing Fed. R. of Civ. P. 60(b)(1), (6)). Mr. McNelly claimed that his petition was not time barred because the district court failed to understand that the exclusion of evidence that formed the basis of his conviction rendered him actually innocent of the crimes charged. The district court denied Mr. McNelly's motion because "Rule 60(b) may not be used to rehash issues that [have already been] addressed." *Id*. at 94 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991)). Mr. McNelly had previously raised his actual innocence argument and the court had considered it, but Mr. McNelly did not present any "new, compelling ground that entitle[d] him to relief." *Id.* at 95. Mr. McNelly then filed a motion for reconsideration, a Rule 59 motion, a motion to appoint appellate counsel, and a COA application. The district court denied each motion. This appeal followed.

## II.   ANALYSIS

In the post-conviction setting, Rule 60(b) motions are construed in one of two ways. If the 60(b) motion "in substance or effect asserts or reasserts a federal basis for

relief from the petitioner's underlying conviction," we construe it as "a second or successive petition," subject to the stringent requirements of 28 U.S.C. § 2244(b). *Spitznas v. Boone*, 464 F.3d 1213, 1215, 1217 (10th Cir. 2006). But, if the Rule 60(b) motion "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application," we consider it a "'true' 60(b) motion." *Id.* at 1215–16 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). Because Mr. McNelly challenges the determination that his petition was untimely, his is a true Rule 60(b) motion and we must "rule on it as [we] would any other Rule 60(b) motion." *Id.* at 1217.

Before reaching the merits of Mr. McNelly's Rule 60(b) motion, we must first address the threshold question of our own jurisdiction. Because the district court denied a COA, we lack jurisdiction to consider the merits of Mr. McNelly's appeal unless we issue a COA of our own. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Spitznas*, 464 F.3d at 1224 (discussing the grant of a COA to appeal an adverse ruling on a "true" Rule 60(b) motion). When, as here, "the district court denies a habeas petition on procedural grounds," the petitioner may obtain a COA by "show[ing], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. McNelly cannot make either showing.

As the district court noted, "Rule 60(b) may not be used to rehash issues that were addressed . . . earlier." ROA at 94. When a petitioner's "motion reiterate[s] the original issues raised in [her petition] and s[eeks only] to challenge the legal correctness of the

3

district court's judgment by arguing that the district court misapplied the law or misunderstood [her] position," the motion must be denied. *See Van Skiver*, 952 F.2d at 1244. This is precisely what Mr. McNelly attempts to do. He does not raise any new arguments that justify granting him relief from the district court's final judgment, nor does he present any new grounds to reconsider his old argument. He claims only that the district court "used the wrong analys[is] of the harmless error standard" and "failed to consider" the full implications of his arguments. *See* ROA at 87–89, 96. As such, his Rule 60(b) was rightly denied. *See Van Skiver*, 952 F.2d at 1243 (explaining that "revisiting the issues already addressed" is not an appropriate use of a Rule 60(b) motion and is sufficient "basis alone . . . [to] affirm"). No reasonable jurist could find it debatable that the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

As to Mr. McNelly's underlying constitutional claim, we have previously determined that no reasonable jurist could find it even debatably valid because any error "was harmless." *See McNelly*, 715 F. App'x at 860 (quoting *United States v. McCullah*, 76 F.3d 1087, 1101 (10th Cir. 1996)). Nothing in Mr. McNelly's Rule 60(b) motion warrants reassessing that determination. Mr. McNelly, therefore, cannot show that a reasonable jurist could debate either the merits of his underlying constitutional claim or the district court's procedural ruling. *See Slack*, 529 U.S. at 484. Thus, his COA application must be denied.

## III.   CONCLUSION

For the reasons stated, we deny Mr. McNelly's COA application and dismiss his appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge